No. 3478

Second Circuit

(Second Division)

McLEMORE v. LOUISIANA RY. & N. CO.

(June 11, 1931.   Opinion and Decree.)

W. H. Walmsley and L. P. Stephens, of Coushatta, attorneys for plaintiff, appellant.

Nettles & Berthard, of Coushatta, attorneys for defendant, appellee.

STEPHENS, J.   The plaintiff sues to recover damages in the sum of $125, with interest, for the death of a mule alleged to have been killed by a train operated by defendant, at a point between the stations of Coushatta and Carroll in the parish of Red River, La., on December 1, 1926.   The petition alleges that the mule was killed through the gross carelessness and negligence of the agents, employees, and servants of the defendant company in the operation of its train.

The defendant answered, and admitted that one of its trains struck and killed a mule at the place designated in plaintiff's petition, on or about the date therein set forth, but denied that the mule belonged to the plaintiff, or that it was worth the sum of $125.   Defendant further answered that the mule was struck and killed by its train at a time when a dense and heavy fog, which could not be penetrated by human vision, overhung and enveloped its right of way, and that therefore the killing was unavoidable.

The case was tried in the lower court before the Honorable S. M. Cagle, Special Judge, and resulted in a judgment in favor of the defendant, rejecting the plaintiff's demands.   The plaintiff prosecutes this appeal.

The trial judge concluded that the railroad company has established by a preponderance of the evidence that the fog was of such density at the time of the accident, that the engineer was unable to discover the position and peril of plaintiff's mule until it was too late to avoid striking him.

Both the engineer and the fireman testified that the train was moving at about thirty miles per hour; that the mule was standing still on the track, and that they were unable to discover him because of the density of the fog until he was within

about fifteen feet of the engine; that the engineer immediately applied the emergency brakes and sounded the stock alarm, but that it was then too late to avoid the accident. The engineer fixed the time of the accident as about 6:50 a. m., and the fireman was of the opinion that it was 7 o'clock. The engineer testified that the headlight on the engine was burning.

The plaintiff, in rebuttal, adduced the testimony of three witnesses in order to break down the defense of the railroad company, namely, T. O. Sherwin, foreman, or caretaker of plaintiff's plantation, George Speed, and A. W. Webb, the latter two being negro tenants.

Sherman testified that the accident occurred between daylight and sunup; that it was not foggy but hazy; and that he could see one or two hundred yards.

Speed testified that there was not a great deal of fog at the time of the accident, but that it was a little hazy; that he was standing about fifty yards from the scene of the accident; and that the mule was plainly visible to him before it was struck by the engine.

Webb testified that at the time of the accident he was "a half of a quarter" of a mile away, but that after the accident he saw the mule's legs hanging across the cowcatcher of the engine. On cross-examination he stated that he was sixty-seven or sixty-eight years old and "could never see very much," but "could see pretty well that morning."

We are convinced that the testimony of Webb should be eliminated from consideration. As to the remaining evidence referred to, it is difficult to determine from the face of the record, in favor of which litigant it preponderates. As usual, under such circumstances, we must be guided by the opinion of the trial judge, because of his greater opportunities for determining the credibility of the witnesses, and the relative weight their testimony should be given. We find no manifest error in his conclusion.

The judgment of the lower court is therefore affirmed.